```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

RICHARD SOTO,

        Plaintiff,

v.                     Case No. 8:13-cv-2597-T-33AEP

COMMONWEALTH FINANCIAL SYSTEMS,
INC.,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to "Plaintiff's Motion for Default" (Doc. # 7), filed on November 15, 2013, which this Court construes as a Motion for Final Default Judgment. For the reasons that follow, the Court grants the Motion.

**I.   Default**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D.

Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)(citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

On October 8, 2013, Plaintiff Richard Soto filed a Complaint for damages alleging that Defendant Commonwealth Financial Systems, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Doc. # 1). Soto effected service on Commonwealth on October 15, 2013. (Doc. # 4). Commonwealth failed to file a responsive pleading to the Complaint. On November 14, 2013, Soto filed a Motion for entry of Clerk's Default. (Doc. # 5). The Clerk entered a default against Commonwealth pursuant to Rule 55(a), Fed. R. Civ. P., on November 15, 2013. (Doc. # 6). At this juncture, Soto's construed request for a Final Default Judgment is

before the Court.

Based upon the Clerk's Entry of Default, the well-pleaded factual allegations contained in the Complaint, and the Motion, the Court determines that a Default Judgment is warranted. The Court further determines that a hearing on this matter is not needed because the damages due to Soto are capable of accurate and ready mathematical computation or ascertainment.

In the Motion, Soto indicates that Commonwealth placed 69 illegal auto-dialed calls to his cellular phone, entitling him to damages in the amount of $34,500 ($500 per call). The Telephone Consumer Protection Act prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system" to "any telephone number assigned to a . . . cellular telephone service." See 47 U.S.C. § 277(b)(1)(A)(iii). A person may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation . . . ." Id. at § 227(b)(3)(B). Soto has attached to the Motion a call ledger reflecting the date of each of the 69 calls placed to his cellular phone. (Doc. # 7 at 8-9).

3

After considering the Motion and the exhibits attached thereto, the Court finds that Soto is entitled to a Final Default Judgment against Commonwealth in the amount of $34,500. Soto is also entitled to costs in the amount of $470. Accordingly, the Court directs the Clerk to enter a Final Default Judgment against Commonwealth and in favor of Soto in the amount of $34,970. Thereafter, the Clerk shall close this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Richard Soto's construed Motion for Final Default Judgment (Doc. # 7) is **GRANTED**.

(2) The Clerk is directed to enter a Final Default Judgment in favor of Richard Soto and against Commonwealth Financial Systems, Inc. in the amount of $34,970.

(3) The Clerk shall thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of December, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record